UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHIN KILIC, | Case No.  26-cv-03782-RFL |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| CHRISTOPHER J. LAROSE, et al., | |
| Respondents. | |

Petitioner filed a petition for writ of habeas corpus seeking immediate release.  (Dkt. No. 1 (the "Petition").)  As averred in the Petition, and as Respondents do not dispute, Petitioner left Turkey to seek asylum in the United States after "[f]earing for his life" due to his involvement "with democracy and fighting corruption," and his prior "abuse at the hands of the government." (*See id.* ¶ 1.)  In January 2024, he entered the United States and was immediately detained before being released the next day on parole.  (*See id.* ¶¶ 2, 4.)  That parole necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community.  *See Chang v. Mullin*, 26-cv-02218-JLS, 2026 WL 1045679, at *2 (S.D. Cal. Apr. 17, 2026).  He subsequently applied for asylum and obtained work authorization.  (*See* Petition ¶ 44.)  Over two years later, Petitioner was re-detained while effecting an order for DoorDash at Camp Pendleton. (*See id.* ¶ 3.)  He filed the Petition a few weeks after that, seeking, among other things, his immediate release, on the basis that his detention violates his Fifth Amendment right to procedural due process and the Administrative Procedure Act.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL 1112035, at *4 (S.D. Cal. Apr. 24, 2026).  In responding to the Petition, Respondents argue only that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)."  (Dkt. No. 5 at 1.)  Section 1225(b)(2) authorizes mandatory detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

1

admission is not clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). This provision does not apply to Petitioner because, at the time of his detention, "he was not at the border or a Port of Entry seeking admission to the United States" and had been living in the country for over two years. *Martinez Zayas v. Gordon*, No. 26-cv-00237-BAS, 2026 WL 266275, at *3 (S.D. Cal. Jan. 30, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).[1] Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2-3 (S.D. Cal. May 1, 2026). Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for writ of habeas corpus on similar facts, "and on that basis the government does not oppose the petition and defers to the Court on the appropriate relief." (*See* Dkt. No. 5 at 2.)

Accordingly, the Petition is **GRANTED**. "When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's [] order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall release Petitioner within **24 hours** of the filing of this Order and shall return all property that had been seized from him. The release shall be on the same terms and conditions as Petitioner's initial release in 2024.

- Respondents shall not enroll Petitioner in an Alternative to Detention program or place an

---

[1] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years. *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

ankle monitor on him upon his release.

- Respondents shall not re-detain Petitioner:  (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner also requests an award of attorneys' fees.  The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment.  Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
RITA F. LIN
United States District Judge

3